# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1192V
Filed: November 4, 2024

* * * * * * * * * * * * *  *
MEGAN C. MCFADDEN,         *
                           *
            Petitioner,    *
                           *
v.                         *
                           *
                           *
SECRETARY OF HEALTH        *
AND HUMAN SERVICES,        *
                           *
            Respondent.    *
* * * * * * * * * * * * *  *

*Alexander Laufer, Esq.,* Eisenhower and Laufer, PC, Fairfax, VA, for petitioner.
*Mark Hellie, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On September 23, 2016, Megan McFadden ("Ms. McFadden" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act" or "Program") alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") after she received an influenza vaccination on September 28, 2013. Petition at 1, ECF No. 1.

After an onset hearing was held and a Ruling on Onset issued, respondent submitted that he would no longer defend the case. ECF Nos. 60, 68. Thus, a Ruling on Entitlement issued on August 31, 2021, and the parties began to negotiate damages. ECF No. 77. On October 10, 2023, a decision awarding damages issued. ECF No. 85.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On March 4, 2024, petitioner filed a Final Motion for Attorney's Fees and Costs, requesting $49,236.50 in attorney's fees and $1,122.04 in costs for a **total award of $50,358.54**. Motion for Fees, ECF No. 90. Respondent filed his Response on March 18, 2024, stating he was satisfied the statutory requirements for an award of fees and costs are met in this case. Response at 2, ECF No. 91. Petitioner did not file a Reply.

For the reasons discussed below, petitioner's Motion for Fees is **GRANTED in part**.

## I.   Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.   Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum

hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Mr. Laufer requests compensation based on the following rates: $375 for work performed in 2017-2018, $400 for work performed in 2019-2020, and $415 for work performed in 2021-2023. Motion for Fees at 5. The requested rates are consistent with what Mr. Laufer has previously been awarded and with the rates established in the Fee Schedule. *See Tomlin v. Sec'y of Health & Human Servs.*, No. 17-1410V, 2020 WL 6582175, at *2 (Fed. Cl. Spec. Mstr. Oct. 19, 2020). Thus, no reductions are necessary.

**B. Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

---

[3] The 2015-2024 Fee Schedules can be accessed at https://www.cofc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The overall hours spent on this matter appear to be reasonable. However, reductions are necessary for several reasons. For instance, there are numerous instances of billing at an attorney rate for paralegal work,[4] billing at full attorney rate for time spent traveling,[5] billing at full attorney rate for secretarial work which should not be billed at all,[6] and excessive routine billing of .2 hours spent on minute tasks such as reviewing a scheduling order.[7] *See* Motion for Fees at 8-44. Mr. Laufer's fees have been reduced in the past for similar billing practices. *See Tomlin*, No. 17-1410V, 2020 WL 6582175, at *2. To account for these issues, the total fee award will be reduced by 10%. This results in a total fee award of **$44,312.85**.[8]

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,122.04 in costs associated with obtaining medical records, the filing fee, the hearing transcript, copies, and postage. Motion for Fees at 47. In consideration of the fact that respondent did not raise any objection to the costs incurred and that this case resolved without the need for large expenditures like experts, the undersigned finds that these costs appear reasonable and awards them in full. *See* Response at 2. **However, counsel is warned that no costs in the future will be awarded without the filing of supporting documentation like receipts or invoices**.[9] Thus, petitioner is awarded **$1,122.04** in costs.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED in part**. The undersigned hereby awards **$45,434.89,** representing **$44,312.85** in attorney's fees and **$1,122.04** in costs, **in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Alexander Laufer**.

---

[4] For example, 3.5 hours were billed in part for "draft Notice of Filing and Notice of Intent to Continue", .75 hours billed in part for drafting a witness list, and .75 hours billed in part for drafting a Motion to Strike. Motion for Fees at 9, 13, 17.

[5] Mr. Laufer billed a total of 5 hours for the onset hearing held in D.C., which "include[ed] travel time". Motion for Fees at 13.

[6] For example, 1.9 hours were billed for "Preparation: Paginate records from Navy and file electronically with Notice of Filing and updated Index", 2.25 hours billed in part for "paginate and scan [records]", 2 hours billed in part for "Preparation: Forwarding all exhibits to client", and 1 hour billed in part for "paginate exhibits and update Index". Motion for Fees at 8-23.

[7] For example, .2 hours were billed for "Preparation: Review status order and corresponding order of the Special Master", .2 hours billed for "Preparation: Review Scheduling Order", .2 hours billed for "Preparation: Review Rule 4 Order", .2 hours billed for "Preparation: Review Order regarding expiration of 240 day period", and .2 hours billed for "Preparation: Review Order granting extension." Motion for Fees at 9-12.

[8] This total is reached by multiplying the total fees requested ($49,236.50) by .90.

[9] The Vaccine Rules, specifically Rule 13 and the second supplement to Appendix B, detail the documentation that should be filed to support a petitioner's motion for attorneys' fees and costs. The Vaccine Rules can be found at https://www.uscfc.uscourts.gov/vaccine-claims-office-special-masters.

In the absence of a timely-filed motion for review (*see* Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.